Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| PR ASSET PORTFOLIO 2013-1 INTERNATIONAL, LLC. Recurrida | | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Fajardo |
|---|---|---|
| V. | TA2025CE00018 | Caso Núm. SJ2019CV10753 |
| ONE ALLIANCE INSURANCE CORPORATION Peticionarios | | Sobre: Incumplimiento de Contrato de Seguros, Huracanes Irma |

Panel integrado por su presidenta, la Jueza Grana Martínez, el Juez Adames Soto y la Jueza Lotti Rodríguez.

Lotti Rodríguez, Juez Ponente[1]

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 14 de agosto de 2025.

Comparece One Alliance Insurance Corporation (One Alliance o "parte peticionaria"), mediante un recurso de *certiorari* solicitando la revisión de la *Resolución* emitida y notificada el 27 de enero de 2025 por el Tribunal de Primera Instancia, Sala Superior de Fajardo. Mediante el referido dictamen, el foro primario declaró No Ha Lugar la *Reconsideración* presentada por este.

Por los fundamentos que expondremos a continuación, *denegamos* la expedición del recurso incoado.

**I.**

El 6 de septiembre de 2019, PR Asset (parte recurrida) presentó una *Demanda* sobre Incumplimiento de Contrato de Seguro; Mala Fe y Acción Declaratoria contra One Alliance Insurance Corporation (parte peticionaria). Alegó, en resumen, que la parte peticionaria debía pagar las partidas reclamadas por este en sus Declaraciones de Pérdida correspondiente a las veinte y

---

[1] Conforme la OAJP-2021-086 la Hon. Glorianne Lotti Rodríguez sustituye al Hon. Abelardo Bermúdez Torres.

nueve (29) propiedades del segundo *claim submission,* que fueron ofrecidas, acordadas y aceptadas, además de lo intereses, daños y el pago por las perdidas reclamadas y cubiertas correspondiente a las treinta y cinco (35) propiedades del segundo *claim submission* y la totalidad del tercer *claim submission.* [2]

El 12 de febrero de 2020, PR Asset presentó una *Demanda Enmendada* a fin de que las propiedades inmuebles reclamadas en la demanda fueran aquellas que estén ubicadas en la Región Judicial de Fajardo.[3]

El 22 de febrero de 2020, One Alliance presentó *Contestación a Demanda Enmendada.*[4] Alegó, en esencia, que estos han cumplido a cabalidad con el Código de Seguros de Puerto Rico y su Reglamento y que en la presente reclamación no hay evidencia de violación alguna.

Luego de varios trámites procesales, el 24 de septiembre de 2023, One Alliance presentó *Moción de Sentencia Sumaria en virtud de la Regla 36.3 de Procedimiento Civil.* Sostuvo, en síntesis, que PR Asset cometió fraude en el proceso de reclamación por haber reclamado daños por una propiedad a pesar de que no era el titular de esta.[5] Según One Alliance, la propiedad 41472 ubicada en Caguas pertenece a Plom Electric y estos presentaron una reclamación a Triple S Propiedad, Inc., por los daños reclamados por el Huracán María; lo que constituiría un doble pago y un enriquecimiento injusto. En su consecuencia, solicitó que se determinara que PR Asset cometió fraude, la nulidad de las pólizas de seguros 75-28-000001259-0 y 75-28-000001258-0, la devolución del dinero pagado por One Alliance por concepto del *1st Claim Submission* y el pago de los gastos incurridos en el trámite del

---

[2] Véase, SUMAC, a la entrada 1.
[3] Véase, SUMAC, a la entrada 16.
[4] Véase, SUMAC, a la entrada 21.
[5] Véase, SUMAC, a la entrada 175.

pleito a favor del asegurador. El 21 de noviembre de 2023, PR Asset presentó una *Oposición a Moción de Sentencia Sumaria de One Alliance (SUMAC NÚM. 175) y Solicitud de Honorarios por Temeridad.*[6]

El 29 de noviembre de 2023 el foro primario notificó *Resolución* sobre Sentencia Sumaria mediante la cual declaró No Ha Lugar la *Moción de Sentencia Sumaria* presentada por la parte aquí compareciente.[7] El Tribunal concluyó, en primera instancia, que la solicitud de sentencia sumaria instada por One Alliance no cumplía con las formalidades de la Regla 36.3 de Procedimiento Civil. Por otro lado, determinó que la controversia planteada era idéntica a la esbozada en la solicitud de sentencia sumaria parcial instada el 29 de agosto de 2022 y que había sido resuelta por Sentencia Parcial. Ante ello, concluyó que One Alliance actuó con temeridad al continuar litigando aspectos del caso ya adjudicado y le impuso la cantidad de $10,000.00 en honorarios de abogados.

El 14 de diciembre de 2023 la parte peticionaria presentó *Solicitud de Reconsideración de "Resolución sobre Sentencia Sumaria".*[8] El 29 de diciembre de 2023 el foro recurrido emitió *Orden* paralizando los procedimientos relacionados a la *Solicitud de Reconsideración* presentada por la parte peticionaria.[9]

El 13 de mayo de 2025, PR Asset presentó *Oposición a Moción Aclaratoria y en Solicitud de Adjudicación de Reconsideración de Resolución Sumaria.*[10] El 20 de mayo de 2025, la parte peticionaria presentó una *Breve y Enérgica Réplica a Oposición a Moción Aclaratoria y en Solicitud de Adjudicación de Reconsideración de Resolución Sumaria.*[11]

---

[6] Véase, SUMAC, a la entrada 198.
[7] Véase, SUMAC, a la entrada 204.
[8] Véase, SUMAC, a la entrada 224.
[9] Véase, SUMAC, a la entrada 232.
[10] Véase, SUMAC, a la entrada 299.
[11] Véase, SUMAC, a la entrada 306.

El 20 de mayo de 2025, notificada el 21 de mayo de 2025, el Tribunal de Primera Instancia emitió una *Resolución Interlocutoria sobre SUMAC 204* mediante la cual declaró No Ha Lugar la *Solicitud de Reconsideración de "Resolución sobre Sentencia Sumaria"* presentada por la parte peticionaria el 14 de diciembre de 2023.[12]

Inconforme con dicha determinación, el 20 de junio de 2025, One Alliance compareció ante nosotros mediante el recurso de *certiorari* de epígrafe y planteó la comisión de los siguientes errores:

**Primer señalamiento de error:**
ERRÓ EL TPI AL DENEGAR LA MOCIÓN DE SENTENCIA SUMARIA PRESENTADA POR ONE ALLIANCE INSURANCE CORPORATION SIN EMITIR DETERMINACIONES DE HECHOS EN CONTROVERSIA Y HECHOS INCONTROVERTIDOS SEGÚN LO REQUIERE LA REGLA 36.4 DE LAS DE PROCEDIMIENTO CIVIL.

**Segundo señalamiento de error:**
ERRÓ EL TPI AL DENEGAR LA MOCIÓN DE SENTENCIA SUMARIA PRESENTADA POR ONE ALLIANCE INSURANCE CORPORATION Y NO DETERMINAR QUE PR ASSET OCULTÓ EVIDENCIA DE FORMA INTENCIONAL Y FRAUDULENTA.

**Tercero señalamiento de error:**
ERRÓ EL TPI AL DENEGAR LA MOCIÓN DE SENTENCIA SUMARIA PRESENTADA POR ONE ALLIANCE INSURANCE CORPORATION Y NO DETERMINAR QUE PR ASSET COMETIÓ FRAUDE MEDIANTE DOBLE RECLAMACIÓN.

**Cuarto señalamiento de error:**
ERRÓ EL TPI AL DENEGAR LA MOCIÓN DE SENTENCIA SUMARIA PRESENTADA POR ONE ALLIANCE INSURANCE CORPORATION Y NO DETERMINAR QUE PR ASSET INFLÓ LAS RECLAMACIONES DE TODAS LAS PROPIEDADES EN UN 38.5% A SABIENDAS DE QUE NUNCA TUVIERON INTENCIÓN DE REPARAR LAS PROPIEDADES ALEGADAMENTE ASEGURADAS.

**Quinto señalamiento de error:**
ERRÓ EL TPI AL IMPONER HONORARIOS DE ABOGADOS A LA PARTE DEMANDADA SIN FUNDAMENTOS VÁLIDOS EN DERECHO DEMOSTRANDO ABUSO DE DISCRESIÓN Y PROCEDER CON PASIÓN, PERJUICIO Y PARCIALIDAD.

---

[12] Véase, SUMAC, a la entrada 307.

El 30 de junio de 2025, la parte recurrida presentó una *Moción de Desestimación de Petición de Certiorari Civil.* En síntesis, alude que el recurso presentado por One Alliance es frívolo y procede la imposición de sanciones. Expuso que la parte peticionaria continúa litigando un aspecto del caso que ya fue adjudicado por este foro apelativo en los casos KLCE202201212 y KLAN202301154. Ante ello, solicitó la desestimación del recurso y la imposición de sanciones adicionales por la actitud temeraria de la parte peticionaria.

El 14 de julio de 2025, la parte peticionaria radicó la *Oposición a Moción de Desestimación de Petición de Certiorari Civil* mediante la cual, arguyó que su recurso no es frívolo ya que el fundamento de fraude está basado en prueba recientemente adquirida y que fue ocultada por la parte recurrida.

Con el beneficio de la comparecencia de las partes, el Derecho y jurisprudencia aplicables, resolvemos.

**II.**

A.

El recurso de *certiorari* es un mecanismo procesal de carácter discrecional que faculta a un tribunal de mayor jerarquía a revisar las decisiones emitidas por un tribunal inferior. *BPPR v. SLG Gómez-López,* 213 DPR 314, 336 (2023); *Rivera et al. v. Arcos Dorados et al.,* 212 DPR 194, 207 (2023); *Torres González v. Zaragoza Meléndez,* 211 DPR 821, 846-847 (2023); *Caribbean Orthopedics v. Medshape et al.,* 207 DPR 994, 1004 (2021). "La característica distintiva de este recurso se asienta en la discreción encomendada al tribunal revisor para autorizar su expedición y adjudicar sus méritos". *BPPR v. SLG Gómez-López, supra,* pág. 337; *Rivera et al. v. Arcos Dorados et al., supra,* pág. 209; *IG Builders et. al. v. BBVAPR,* 185 DPR 307, 338 (2012). Sin embargo, la discreción para expedir el recurso no es irrestricta, ni autoriza al tribunal a actuar de una

forma u otra en abstracción del resto del Derecho. *Pueblo v. Rivera Montalvo,* 205 DPR 352, 372 (2020) (citando a *Negrón v. Srio. de Justicia,* 154 DPR 79, 91 (2001)); *Medina Nazario v. McNeil Healthcare LLC,* 194 DPR 723, 728-729 (2016).

En lo pertinente, la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R.52.1, delimita nuestra autoridad y prohíbe la intervención en las determinaciones interlocutorias emitidas por el Tribunal de Primera Instancia, salvo en contadas excepciones. *Scotiabank de Puerto Rico v. Zaf Corporation,* 202 DPR 478, 486-487 (2019). Lo previamente señalado persigue evitar dilaciones al revisar controversias que pueden esperar a ser planteadas a través del recurso de apelación. *Id.* Así pues, la Regla 52.1 de Procedimiento Civil, *supra,* dispone que podemos expedir el recurso de *certiorari* para resolver resoluciones u órdenes interlocutorias dictadas por el foro primario cuando:

> [S]e recurra de una resolución u orden bajo las Reglas 56 [Remedios Provisionales] y 57 [*Injuction*] **o de la denegatoria de una moción de carácter dispositivo**. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias [...] cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. 32 LPRA Ap. V, R. 52.1. (Énfasis nuestro)

A esos efectos, acreditada debidamente nuestra autoridad para intervenir en el asunto recurrido, la Regla 40 de nuestro Reglamento, establece los criterios que deben guiar nuestra determinación sobre si procede o no expedir un auto de *certiorari.* *Rivera et al. v. Arcos Dorados et al., supra,* pág. 209; *Mun. de Caguas v. JRO Construction,* 201 DPR 703, 710-711 (2019). Los criterios esbozados son los siguientes:

(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia. 4 LPRA Ap. XXII-B, R. 40.

Ahora bien, ninguno de los criterios antes citados es determinante, por sí solo, para este ejercicio y no constituye una lista exhaustiva. *García v. Padró*, 165 DPR 324, 335 esc. 15 (2005) (citando a H. Sánchez Martínez, *Derecho Procesal Apelativo*, Hato Rey, Lexis-Nexis de Puerto Rico, 2001, pág. 560). Por lo general, los tribunales revisores no intervienen con el manejo de los casos de los tribunales de instancia, salvo cuando "se demuestre que este último actuó con prejuicio o parcialidad, que hubo un craso abuso de discreción, o que se equivocó en la interpretación o aplicación de alguna norma procesal o de derecho sustantivo". *Rivera y Otros v. Bco. Popular*, 152 DPR 140, 155 (2000) (citando a *Lluch v. España Service Sta.*, 117 DPR 729, 745 (1986)). En tal sentido, al optar por no expedir el auto solicitado, no se está emitiendo una determinación sobre los méritos del asunto o cuestión planteada, por lo que esta puede ser presentada nuevamente a través del correspondiente recurso de apelación. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 98 (2008); *García v. Padró, supra,* pág. 336.

B.

Como sabemos, la sentencia sumaria es un mecanismo procesal provisto en la Regla 36 de Procedimiento Civil de 2009, 32 LPRA Ap. V, R. 36, cuyo fin es proveer una solución justa, rápida y económica de los litigios. *Serrano Picón v. Multinational Life Ins.*, 212 DPR 981, 992 (2023); *González Santiago v. Baxter Healthcare*, 202 DPR 281, 290 (2019); *Meléndez González et al. v. M. Cuebas*, 193 DPR 100, 109 (2015). A tenor, dicho mecanismo procesal permite que un tribunal, disponga parcial o totalmente de litigios civiles en aquellos casos en los que no exista alguna controversia material de hecho que requiera ventilarse en un juicio plenario y el derecho así lo permita. *León Torres v. Rivera Lebrón,* 204 DPR 20, 41 (2020). La sentencia sumaria procede cuando "no existen controversias *reales* y *sustanciales* en cuanto a *los hechos materiales,* por lo que lo único que queda por parte del poder judicial es aplicar el Derecho". *Meléndez González et al. v. M. Cuebas, supra,* pág. 109 (citando a *Oriental Bank v. Perapi et al.*, 192 DPR 7, (2014); *SLG Zapata-Rivera v. J.F. Montalvo*, 189 DPR 414, 430 (2013); *Nieves Díaz v. González Massas*, 178 DPR 820, 847 (2010)).

Al interpretar la precitada Regla el Tribunal Supremo ha expresado que debe dictarse sentencia sumariamente cuando el tribunal sentenciador tiene ante sí, de manera incontrovertible, la verdad sobre todos los hechos esenciales. *E.L.A. v. Cole*, 164 DPR 608, 625 (2005). De manera que, "una controversia de hecho es suficiente para derrotar una moción de sentencia sumaria [...] cuando causa en el tribunal una duda real y sustancial sobre algún hecho relevante y pertinente". *Pepsi-Cola v. Mun. Cidra et al.,* 186 DPR 713, 756 (2012). Se entiende que un hecho material es aquél que puede afectar el resultado de la reclamación acorde al derecho sustantivo aplicable. *Ramos Pérez v. Univisión*, 178 DPR 200, 213 (2010). Por lo que, no deberá dictar sentencia sumaria cuando: 1)

existen hechos materiales controvertidos; 2) hay alegaciones afirmativas en la demanda que no han sido refutadas; 3) surge de los propios documentos que se acompañan con la moción una controversia real sobre algún hecho material; o 4) como cuestión de derecho no procede. *Pepsi-Cola v. Mun. Cidra, supra*, pág. 757; *S.L.G. Szendrey-Ramos v. Consejo Titulares*, 184 DPR 133, 167 (2011).

Al atender la moción de sentencia sumaria, el Tribunal deberá asumir como ciertos los hechos no controvertidos que se encuentren sustentados por los documentos presentados por la parte promovente. *E.L.A. v. Cole, supra*, pág. 626. No obstante, "la omisión en presentar evidencia que rebata aquella presentada por el promovente, no necesariamente implica que procede dictar sentencia sumaria de forma automática". *Mun. de Añasco v. ASES*, 188 DPR 307, 327 (2013) (citando a Córdova *Dexter v. Sucn. Ferraiuoli*, 182 DPR 541, 556 (2011)). A su vez, corresponde al juzgador actuar guiado por la prudencia y ser consciente de que su determinación podría implicar que se prive a una de las partes de su "día en corte", elemento esencial del debido proceso de ley. *León Torres v. Rivera Lebrón, supra,* pág. 44. Cónsono con lo anterior, nuestro más alto foro ha resuelto que, existen litigios y controversias que "por su naturaleza no resulta aconsejable resolverlos mediante una sentencia dictada sumariamente; ello, en vista de que en tales casos un tribunal difícilmente podrá reunir ante sí toda la verdad de los hechos a través de affidávits, deposiciones o declaraciones juradas". *Jusino et als. v. Walgreens*, 155 DPR 560, 579 (2001) (citando a *Soto v. Hotel Caribe Hilton*, 137 DPR 294, 311 (1994); *García López v. Méndez García*, 88 DPR 363, 379 (1963). Dicho foro ha identificado como posibles controversias de este tipo aquellas que incluyen: "elementos subjetivos, es decir, aquellas en las que el factor credibilidad juegue un papel esencial o decisivo para llegar a la verdad, y donde un litigante dependa 'en gran parte de lo que

extraiga del contrario en el curso de un juicio vivo'. *Audiovisual Lang. v. Sist. Est. Natal Hnos.,* 144 DPR 563, 577 (1997).

En lo pertinente, la Regla 36 de Procedimiento Civil, *supra*, impone unos requisitos de forma con los cuales hay que cumplir al momento de promover una solicitud de sentencia sumaria, a saber: (1) una exposición breve de las alegaciones de las partes; (2) los asuntos litigiosos o en controversia; (3) la causa de acción sobre la cual se solicita la sentencia sumaria; **(4) una relación concisa, organizada y en párrafos enumerados de todos los hechos esenciales y pertinentes sobre los cuales no hay controversia sustancial, con indicación de los párrafos o las páginas de las declaraciones juradas u otra prueba admisible en evidencia donde se establecen estos hechos, así como de cualquier otro documento admisible en evidencia que se encuentre en el expediente del tribunal**; (5) las razones por las cuales se debe dictar la sentencia, argumentando el derecho aplicable, y (6) el remedio que debe ser concedido. 32 LPRA Ap. V, R. 36.3; *Oriental Bank v. Caballero García,* 212 DPR 671, 679 (2023). Si la parte promovente incumple con estos requisitos, "el tribunal no estará obligado a considerar su pedido". *Meléndez González et al. v. M. Cuebas, supra*, pág. 111.

Asimismo, la parte que se opone a una sentencia sumaria tiene que cumplir con los requisitos de la precitada Regla 36, *supra. Oriental Bank v. Caballero García, supra*, pág. 680. En otras palabras, la parte que desafía dicha solicitud no podrá descansar en las aseveraciones o negaciones consignadas en su alegación. *León Torres v. Rivera Lebrón, supra*, pág. 43. Así pues, en la oposición a una solicitud de sentencia sumaria, la parte promovida debe "puntualizar aquellos hechos propuestos que pretende controvertir y, si así lo desea, someter hechos materiales adicionales que alega no están en disputa y que impiden que se dicte sentencia sumaria

en su contra". *Id.,* pág. 44. Entiéndase que, "la parte opositora tiene el peso de presentar evidencia sustancial que apoye los hechos materiales que alega están en disputa". *Id.* De lo contrario, corre el riesgo de que se dicte sentencia en su contra. *Oriental Bank v. Caballero García, supra,* pág. 680.

C.

Al evaluar una moción de sentencia sumaria, el Tribunal de Apelaciones está en la misma posición del Tribunal de Primera Instancia. *Serrano Picón v. Multinational Life Ins., supra,* pág. 993; *Meléndez González et al. v. M. Cuebas, supra,* pág. 118. Tómese en cuanta que, nuestra revisión es una *de novo* y debemos basar nuestro análisis por las disposiciones de la Regla 36 de Procedimiento Civil, *supra,* así como de su jurisprudencia interpretativa. A tenor, nuestro más alto foro ha esbozado los criterios que deben guiar esta revisión. *Roldán Flores v. M. Cuebas et al.,* 199 DPR 664, 679-680 (2018); *Meléndez González et al. v. M. Cuebas, supra,* págs. 118-119. Por ello, el Tribunal de Apelaciones debe:

1) examinar *de novo* el expediente y aplicar los criterios que la Regla 36 de Procedimiento Civil, *supra,* y la jurisprudencia le exigen al foro primario;

2) revisar que tanto la Moción de Sentencia Sumaria como su oposición cumplan con los requisitos de forma codificados en la referida Regla 36, *supra;*

3) revisar si en realidad existen hechos materiales en controversia y, de haberlos, cumplir con la exigencia de la Regla 36.4 de Procedimiento Civil, *supra,* de exponer concretamente cuáles hechos materiales encontró que están en controversia y cuáles están incontrovertidos y;

4) de encontrar que los hechos materiales realmente están incontrovertidos, debe proceder a revisar *de novo* si el Tribunal de Primera Instancia aplicó correctamente el Derecho a la controversia. *Roldán Flores v. M. Cuebas et al., supra,* pág. 679.

Ahora bien, estamos limitados en cuanto a: (1) que no podemos tomar en consideración evidencia que las partes no presentaron ante el foro primario, y (2) tampoco adjudicar los hechos materiales en controversia, ya que ello le compete al tribunal de instancia luego de celebrado un juicio en su fondo. *Meléndez González et al. v. M. Cuebas*, *supra*, pág. 118. Al realizar nuestra revisión *de novo* debemos "examinar el expediente de la manera más favorable hacia la parte que se opuso a la Moción de Sentencia Sumaria en el foro primario, llevando a cabo todas las inferencias permisibles a su favor". *Id.*

**III.**

Tras examinar la petición de *Certiorari,* no encontramos fundamento alguno para intervenir con el dictamen recurrido. No observamos ningún atisbo de prejuicio, parcialidad o error manifiesto en el dictamen del TPI, ni que el mismo pudiera causar un fracaso de la justicia. Por ende, considerando la ausencia de indicios que justifiquen nuestra actuación respecto a la *Resolución* impugnada, así como la falta de cumplimiento con los criterios establecidos en la Regla 40 de nuestro Reglamento, *supra,* que ameriten la expedición del presente recurso, procede que nos abstengamos de intervenir en esta etapa del procedimiento.

**IV.**

Por los fundamentos que anteceden, *denegamos* el auto de *certiorari* solicitado. Asimismo, denegamos la solicitud de la parte recurrida para que se le imponga sanciones económicas a la parte peticionaria.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones